**In re SPENCE et al.**
**Patent Appeal No. 2685.**

Court of Customs and Patent Appeals.
April 22, 1931.

James T. Newton, of Washington, D. C., for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant has appealed from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner in rejecting claims 1 and 2 of appellant's application for patent on an alleged invention relative to internal combustion engines of the sleeve valve type.

The claims were rejected on reference to Urtel, 1,156,508, October 12, 1915, and Knight (British), 28,693, December 13, 1912. Claim 1 is illustrative, and is as follows:

"1. In an internal combustion engine, a cylinder with intake and exhaust ports, a sleeve with like ports, the intake being spaced from the exhaust port in the cylinder and not substantially spaced in the sleeve, both of the sleeve ports being located between the cylinder ports when the engine is under compression and firing stroke, the cylinder having a cylindrical chamber into which the sleeve moves to protect the sleeve ports during firing, with the cylinder intake located in both walls of said chamber, a piston, with packing rings between the piston and the sleeve, said sleeve extending down out of the cylinder, and means for operating the sleeve in timed relation to the piston, so that when both sleeve ports are located between the cylinder ports during compression and firing strokes of the piston, the sleeve is without substantial movement."

Appellant's device consists of a sleeve valve for internal combustion motors, which sleeve valve is long enough to project below the cylinder and into the crank case, and which is caused to move up and down in correlation with the piston, so that, by means of inlet and outlet ports in the sleeve valve, and though ports in the cylinder, gas used for combustion will be admitted, and the exhaust gases expelled, at the proper times. The engine is of the ordinary four cycle type.

The movement of the sleeve valve to correlate with the movements of the piston is caused by a combination of two eccentrics, the shaft of one of which rotates at the same rate of speed as the crank shaft, and the shaft of the other of which rotates at one-half the speed of the crank shaft. The two eccentrics are connected by an eccentric arm and a bell crank lever, which has its fulcrum on the shaft of the eccentric which operates at half speed. The other arm of this bell crank

lever is connected with a link which, in turn, is connected with the sleeve valve, and moves it up or down as the eccentrics and the bell crank move. The shafts upon which these eccentrics move are rotated by means of sprockets and a chain from the crank shaft.

In the Knight reference the inventor shows a sleeve valve operating with similar ports and in the same relation to the strokes of the piston as are shown by appellant here. Knight states in his specification that he provides a "sleeve valve working over a fixed head and containing ports for inlet and exhaust adapted to be brought into communication with ports in a surrounding cylinder casing at the desired period by a motion derived from the compounding of two approximately simple harmonic motions of crankshaft and half crankshaft speed respectively." This statement is repeated in his specification description of the operation of his device.

Counsel for appellant admits in his oral argument that the arrangement of the ports and their operation with respect to the sleeve valve and piston are the same in Knight as in appellant's application. However, he argues that the Knight device is inoperative because no showing is made as to how the result sought by Knight can be obtained; his sleeve valve not extending below the bottom of the piston. No affidavits have been furnished, and there is no showing made here except the statement of appellant that the Knight device is inoperative. It is quite evident that Knight had in mind the same means of operating it as are set out by appellant, in view of the portion of his specification hereinbefore quoted. At least, he plainly states how it may be done.

The Urtel reference shows a sleeve valve motor with a different arrangement of ports than that shown in the Knight reference, but shows a sleeve valve which projects below the bottom of the piston for engagement with the device which operates it. Several alternative forms of this latter device are shown by Urtel. In Fig. 4 he discloses two eccentrics, one with a shaft revolving at the same speed as the crank shaft, the other at half speed, and these two connected by a pivoted double arm lever, the arms of which are at right angles to each other. The connection with the sleeve valve is made by an eccentric arm from the half speed eccentric, and a link. The inventor states in his specification: "Figs. 3, 4 and 5 show arrangements in which one of the eccentric rods is used as a lever and is set in oscillating movement about its eccentric by

the other eccentric. The lever may be a single-arm, a double-arm or a bell-crank in order to keep the exhaust open long enough," etc. Further references are made in the specification to variations which may be made in this general plan.

The substance of the matter is that appellant here is seeking a patent upon a combination of two elements; namely, a sleeve valve and a drive for the sleeve valve consisting of two eccentrics, one full speed and one half speed, with proper connections, so that the movements of the sleeve valve will be timed in correlation with the strokes of the piston. There is nothing novel in either of these ideas and nothing which was not well known at the time the application was filed. To combine these elements without any showing of a new and useful result is not invention, and therefore the rejection of the claims was proper.

Counsel for appellant calls attention to the fact that Knight does not show any piston rings and that this feature is novel. However, we assume that the appellant would not claim his device is patentable if this is the only matter in it not shown by the references. Piston rings have been used for many years and are well known in the art, and could hardly be said to render inventive this disclosure.

The decision of the Board of Appeals is affirmed.

Affirmed.